UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

GUERLA MALANDE,
Petitioner,
v.
MARKWAYNE MULLIN, Secretary of Homeland Security; *et al.*,
Respondents.

Case No.: 26-cv-6034-BJC-JAC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF No. 1]**

On October 22, 2026, Petitioner Guerla Malande filed a Petition for Writ of Habeas Corpus ("Petition"). ECF No. 1. On October 23, 2026, the Court issued a briefing schedule. ECF No. 2. Respondents responded to the Petition on October 29, 2026. ECF No. 5. Petitioner did not file a traverse. For the reasons set forth below, the Court **GRANTS** the Petition (ECF No. 1) and **ORDERS** Petitioner's immediate release.

## I. BACKGROUND

Petitioner is a native and citizen of Haiti. ECF No. 1 at ¶ 19. Petitioner, seeking asylum, entered the United States on July 30, 2023, and was released by the Department of Homeland Security ("DHS") on recognizance. *Id.* ¶¶ 3, 19. Petitioner subsequently submitted her asylum application and was granted employment authorization. *Id.* ¶ 19.

On October 20, 2026, Petitioner was apprehended and taken into custody. *Id.* Petitioner alleges that the government has not identified any materially changed

circumstances that would warrant detaining her after she submitted her asylum application. *Id.* at 47. Petitioner has remained in custody since October 20, 2026. *Id.* at 19–20.

In the Response, Respondents state that "Petitioner was previously released from immigration custody on parole issued under 8 U.S.C. § 1182(d)(5)." ECF No. 5. Respondents do not provide any details regarding Petitioner's re-detention. *See generally* ECF No. 5. Respondents do not cite any change in circumstances since Petitioner was originally released from custody in July 2023. *Id.* Finally, Respondents state that "the government does not oppose the petition and defers to the Court on the appropriate relief." *Id.* at 3.

## II. <u>LEGAL STANDARD</u>

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Under 28 U.S.C. § 2241, a district court has authority to grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.*

## III. <u>DISCUSSION</u>

Petitioner's re-detention without notice or an opportunity to be heard violates Petitioner's due process rights. Individuals released from custody, even where such release is conditional, have a liberty interest in continued liberty. *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parolees); *Young v. Harper*, 520 U.S. 143, 150 (1997) (pre-parolees); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probationers). Thus, this Court agrees with those courts that have held:

> [O]nce a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings. Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk, or is now subject to a final order of removal. And if the noncitizen disputes the notion that changed circumstances justify his rearrest, he is entitled to a prompt hearing before an Immigration Judge.

*Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77 (N.D. Cal. 2017); *see also Kamalpreet v. Singh*, No. 26-cv-1211-LL-JLB, 2026 WL 622687, at *1 (S.D. Cal. Mar. 5, 2026) ("Although the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." (citation modified) (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025))).

Because DHS released Petitioner from its custody in July 2023, and there has been no change in circumstance since that time, Petitioner is entitled to remain released on the same conditions as she was initially released. Thus, the Court **GRANTS** the Petition for a Writ of Habeas Corpus.

## IV. CONCLUSION

Accordingly, the Court issues the following writ:

1. The Court **ORDERS** that Petitioner be released on the same terms and conditions on which she was previously released in July 2023.

2. Respondents are **ENJOINED AND RESTRAINED** from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondents show materially changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that the Government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. *See*

*Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). At any such hearing, Petitioner shall be allowed to have counsel present. *See Maria S.M. v. Chestnut*, No. 26-CV-03777-TLN-AC, 2026 WL 1480390, at *4.

3. As this concludes the litigation in this case, the Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED**.

Dated: November 12, 2026

Honorable Benjamin J. Cheeks
United States District Judge